## IN RE VITALIE

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 9, 1931

FARR, J.

It is further disclosed by the agreed statement of facts that the issue raised in this proceeding is the right of the Judge of the Municipal Court of the City of Youngstown to refuse to accept a bond for the fine and costs. The fine was one hundred dollars, and costs, and the bond tendered was signed by a surety who possessed an equity in real estate in the sum of four thousand dollars. It will be seen that the issue attempted to be made here is to the sufficiency of the bond and the right of the judge of the Municipal Court to refuse to accept same.

In this connection §1579-135 of the Municipal Court Act in and for the City of Youngstown becomes of interest. It provides as follows:

"In the actions and proceedings of which the Municipal Court has jurisdiction, all laws conferring jurisdiction upon a Court of Common Pleas, a police court, a criminal court or a justice of the peace, giving such court or officer power to hear and determine such causes prescribing the force and effect of their judgments, orders or decrees, and authorizing or directing the execution or enforcement thereof, shall be held to extend to the municipal court, unless inconsistent with this Act or plainly inapplicable."

Thus it will be observed that the general provisions of the Criminal Code of Ohio are made applicable in the instant case. §13451-9 GC. provides:

"Satisfaction of fine and costs on commitment. When a fine is the whole or a part of a sentence, the court or magistrate may order that the person sentenced remain in jail until such fine and costs are paid or secured to be paid, or he is otherwise legally discharged, provided that the person so imprisoned shall receive credit upon such fine and costs at the rate of $1.50 per day for each day's imprisonment; provided that no commitment under this section shall exceed six months, and this section shall not affect the laws relating to work houses."

From the foregoing section it will be observed that upon default in the payment of fine and costs that the trial court may commit the convicted person to the county jail until the fine and costs are paid or secured to be paid, or such person is otherwise legally discharged.

It is complained in this case that the judge of the Municipal Court arbitrarily refused to accept this bond, and that therefore having done so the convicted person is illegally restrained of his liberty. This court could not determine that question upon a a proceeding in habeas corpus, as it is understood that is a high prerogative common law writ. It is intended by it to determine whether the process by which a person is properly held in custody and whether or not the restraining officer holds such person by a valid commitment and about which there probably can be no question in this case.

It was not suggested in argument that the writ held by the Sheriff on which Vitalie was committed to the county jail is improper or insufficient. Therefore, habeas corpus is not the proceeding by which such matter might be determined, but if there be a refusal upon the part of the committing magistrate to accept bond in a reasonable amount with surety, that would be a violation of an an important right, that is that excessve bail shall not be required, and by a proceeding in mandamus that question could be properly determined.

It was suggested at the conclusion of this case that there had been an application for writ of mandamus in the court below, and that the court had refused to allow the writ, then the applicant had the right to prosecute error to this court and to determine whether or not the committing magistrate had improperly refused the bond in question. Error was not prosecuted from the decision of the Court of Common Pleas; therefore, the matter can not be considered in this court.

In passing it should be observed that a committing magistrate or a municipal court should be reasonable in its requirements as to the matter of furnishing bond. Opportunity should not be taken to make undue or improper demands upon a convicted person in the matter of furnishing bond, but the matter should be adjudicated just as any other issue in the cause. The proced-

ure of the Court of Common Pleas is for the court to fix the amount of bond and then direct that it should be given to the satisfaction of the Clerk of Courts, and that would be a reasonable rule for the Municipal Court, under the general provisions of §1579-135 GC of the Municipal Court Act for the City of Youngstown, but the observation desired to be made in this case is that committing magistrates, which include judges of the Municipal Court, should be reasonable in their demands and fair in what they require of persons who have been confined or assessed a fine and costs. However, for the reasons given it follows that the discharge of the accused must be refused in this cause, because habeas corpus was not the proper procedure.

ROBERTS and POLLOCK, JJ, concur.